The Honorable Thomas S Zilly



FILED _____ ENTERED
LODGED _____ RECEIVED

NOV 05 2001 PM

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

CV 00-01615 #00000017

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM ROBERT SMITH II,

                 Plaintiff,

    v

OFFICER RUDY GONZALES; SGT. ROLF
TOWNE; NORMAN STAMPER, and CITY
OF SEATTLE,

                 Defendants

NO C00-1615Z

**DECLARATION OF STEPHEN P.
LARSON IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL**

Stephen P Larson does hereby declare as follows:

1     I am the attorney of record for the defendants in the above-entitled action I make this declaration based on personal knowledge I am competent to testify to the matters contained herein.

2     At no time during the pendency of this action has plaintiff or his attorney even served interrogatories or requests for production on the City of Seattle At no time has the City of Seattle or former Chief Stamper ever failed to respond to any interrogatories or requests for production

3     On behalf of defendants Gonzales and Towne, responses to interrogatories and requests for production, and valid objections thereto were served on the plaintiff's

DECLARATION OF
STEPHEN P. LARSON - 1

STAFFORD FREY COOPER
———— Professional Corporation ————
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

1

2

attorney  Copies of the relevant requests and objections are attached hereto as Exhibits 3 through 6.

3

4

5

6

7

8

9

10

11

12

13

14

4.      Attached hereto and marked Exhibit 1 is a copy of my letter to Mr. Kannin dated October 22, 2001, which was both hand-delivered and faxed to Mr Kannin  In that letter, I advised Mr. Kannin that his motion to compel did not have any declaration attached to it. In a phone conversation on October 25, 2001, Mr Kannin told me he had not even drafted a declaration. This letter also formally notified Mr. Kannin that the City of Seattle formally objected to his Rule 30(b)(6) deposition notices and his failure to properly serve a Rule 34 request for production  To this date, neither Mr. Kannin nor his client have served the City of Seattle with a request for production pursuant to Rule 34.  Such a request for production would be untimely pursuant to the court's scheduling order, the first page of which is attached hereto as Exhibit 2  That scheduling order references that all motions related to discovery must be filed by September 28, 2001 and that all discovery must be completed by October 28m 2001  Plaintiff has not complied with that order

15

16

17

18

19

5.      Attached hereto as Exhibit 7 and Exhibit 8 are excerpts from the depositions of Sgt  Towne and Det. Gonzales (respectively) wherein the objection to the subpoena duces tecum was set forth on the record  At no time prior to or following those depositions has Mr Kannin or Mr. Smith ever served on Det  Gonzales or Sgt. Towne a request for production pursuant to Rule 34.

20

21

22

23

24

25

26

6.      At no time prior to the filing of the motion to compel on or about October 19, 2001 has Mr Kannin ever discussed with me the specifics of his request for production, my objections thereto, the officer's objections thereto, or his concerns regarding the objections. The first time Mr. Kannin attempted to discuss those matters with me, was in a telephone call late on Friday, November 2, 2001  Prior to that telephone call, I had advised Mr

DECLARATION OF
STEPHEN P. LARSON - 2

STAFFORD FREY COOPER
——— *Professional Corporation* ———
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

1
2
Kannin that I was in trial, and I am currently in trial, before the Honorable Barbara Rothstein.

3
4
5
6
7       For the first time, I received the Declaration of John J Kannin on November 2, 2001. It was faxed and served on my offices shortly before the office closed at 5 00 p m The Declaration of John Kannin that was served on our office contains only attachments Exhibits 7 and 8. It does not contain Exhibits 1 through 6.

7
8
8       As previously stated, no discovery requests have ever been served on the City of Seattle and therefore inclusion of the City in the motion to compel is not proper

9
10
11
12
13
14
15
9.      On or about October 22, 2001, I received Rule 30(b)(6) deposition notices with attached subpoena duces tecum addressed to the City of Seattle Discovery officially closed on October 28, 2001   Under Rule 34, the City of Seattle, as a party defendant, is entitled to a service of a request for production pursuant to Rule 34, not Rule 45, and thirty days to respond thereto   The discovery period officially closed after one week after service of the subpoena duces tecum in question. Therefore, even if a Rule 34 request to produce had been served, it would not have been timely.

16
17
10.     Defendants ask the court to quash the subpoena duces tecum addressed to the City of Seattle as improper.

18
19
DATED at Seattle, Washington this 5th day of November, 2001.

20
21
22
By: _____
        Stephen R. Larson

23
24
25
26

DECLARATION OF
STEPHEN P LARSON - 3

STAFFORD FREY COOPER
———— Professional Corporation ————
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

1

2   STATE OF WASHINGTON      )
                            ) SS.
3   COUNTY OF KING          )

4

5   SUBSCRIBED AND SWORN TO before me this 5th day of November, 2001

6

7   

8   Notary Signature

Print name.   *Velma   Farrar*

9   NOTARY PUBLIC in and for the State of
Washington, residing at   *Bremerton*

10   My appointment expires.   *02-01-04*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF
STEPHEN P. LARSON - 4

STAFFORD FREY COOPER
Professional Corporation
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

# EXHIBIT 1

# STAFFORD FREY COOPER

———— *Professional Corporation* ————

*Founded 1905*

A T T O R N E Y S

2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900
FACSIMILE (206) 624-6885
WWW STAFFORDFREY COM

J WILLIAM ASHBAUGH
SCOTT D BISSELL
MICHAEL C BOLASINA
ANNE M BREMNER
THERON A BUCK
HEATHER L CARR
TOBIN E DALE
BLAKE EDWARD DIAS
A RICHARD DYKSTRA
SCOTT D FLETCHER
THOMAS D FREY
KENNETH HOBBS
STEPHEN P LARSON
LISA M MARCHESE

MARCUS B NASH
WILLIAM L NEAL
DAVID J ONSAGER
JOHN E D POWELL
JAMES W TALBOT
PHILLIP L THOM
KIM M. TRAN
JAMES P WAGNER
JAMES T YAND

*OF COUNSEL*
RONALD S BEMIS
JOHN G COOPER
SHANNON STAFFORD

October 22, 2001

***Via Facsimile & Hand-Delivered***
John J Kannin, Esq
3701 East Garfield Street
Seattle, WA 98112

      Re·   *V*             *Smith II v. City of Seattle, et al.*
            U S. District Court No  C00-1615
            (Our File No. 3019/21603)

Dear Mr  Kannin

I received your motion which references a declaration; however, there was no such declaration attached   The only thing I received was the motion itself, which is three pages long   If there is more to the motion, or if there are in fact attachments, they have not been served upon this office

I also received your Rule 30(b)(6) deposition notices, on less than minimum notice.  I will make every attempt to have someone designated for the two depositions you have noticed, however, I am hereby putting you on notice of our objection to the subpoena duces tecum. Since your notices are to a party, the City of Seattle, any request for production of documents is governed by Rule 34 and is therefore not proper through a subpoena duces tecum, which does not replace a Rule 34 request for production.

John J  Kannin, Esq.
October 22, 2001
Page 2

I have noted up your client's deposition for Monday, October 29, 2001 at 9:30 a.m  here in my offices   Please advise if there is a scheduling problem.

Very truly yours,

STAFFORD FREY COOPER

Stephen P. Larson

SPL·sp
Enclosure

# EXHIBIT 2

FILED ___ ENTERED
___ LODGED ___ RECEIVED

DEC 22 2000

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM ROBERT SMITH II,

        Plaintiff(s),

    v.

OFFICER R. GONZALES, et al.,

        Defendant(s).

Case No. C00-1615Z

MINUTE ORDER SETTING TRIAL
DATE & RELATED DATES

| | |
|---|---|
| **TRIAL DATE** | FEBRUARY 25, 2002 |
| Deadline for joining additional parties | March 1, 2001 |
| Disclosure of expert testimony under FRCP 26(a)(2) | August 29, 2001 |
| All motions related to discovery must be filed by and noted on the motion calendar no later than the third Friday thereafter (see CR7(d)) | September 28, 2001 |
| Discovery completed by | October 28, 2001 |
| All dispositive motions must be filed by and noted on the motion calendar no later than the fourth Friday thereafter (see CR 7(d)) | November 27, 2001 |
| Settlement conference per CR 39.1(c)(2) held no later than | December 27, 2001 |
| Mediation per CR 39.1(c)(3) held no later than | January 26, 2002 |
| All motions in limine must be filed by and noted on the motion calendar no later than the second Friday thereafter | January 28, 2002 |
| Agreed pretrial order due | February 13, 2002 |

ORDER SETTING TRIAL DATE & RELATED DATES - 1

# EXHIBIT 3

1
2

REQUEST FOR PRODUCTION NO 3· Produce any and all documents, which are in your possession concerning the incident described in the Compliant   This includes, but is not limited to:

3     (a) any and all reports or forms describing any aspect of these events;

4     (b) any and all incident reports,

      (c) any and all tickets or citations, and

5     (d) statements and/or interviews of witnesses, informants, the plaintiff, and any
          police officers or other persons who had any role or contract with the case.

6   RESPONSE:

7

8

9

10  REQUEST FOR PRODUCTION NO. 4  Produce any and all documents that comprise
11  or are part of your personnel file, including the disciplinary record, and any other
    documents concerning your hiring, training, duties, performance, assignments, and
12  mental and physical condition

    RESPONSE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S FIRST SET OF INTERROGATORIES & REQUESTS FOR PRODUCTION TO
DEFENDANT R  GONZALES  - Page 27

KANNIN LAW FIRM P S
3701 East Garfield Street
Seattle, WA  98112
Telephone (206) 709-2788

REQUEST FOR PRODUCTION NO. 5  Produce any and all documents concerning or at all relevant to any formal or informal complaint made against you or about you, from any source, this includes, but is not limited to.

(a) documents concerning all complaints and other disciplinary or police review of activities by the Internal Affairs Bureau of the Seattle Police Department,

(b) the complete documents concerning each incident listed on your disciplinary record;

(c) the complete documents concerning all complaints and other disciplinary or internal police review of activities maintained by the Seattle Police Department, and

(d) all information contained in the computers maintained by the Internal Affairs Bureau of the Seattle Police Department or any other division of the Seattle Police Department, including but not limited to the information which is retrievable by computer codes or instructions

RESPONSE

PLAINTIFF'S FIRST SET OF INTERROGATORIES & REQUESTS FOR PRODUCTION TO DEFENDANT R  GONZALES  - Page 28

KANNIN LAW FIRM P S
3701 East Garfield Street
Seattle, WA  98112
Telephone (206) 709-2788

REQUEST FOR PRODUCTION NO 6. For the period January 1, 1993 to the current date, produce any and all documents which are in your possession and relevant to this incident, including, but not limited to, guidelines, directives, policy statements, procedures and training materials, in any form and of any type, concerning Seattle Police Department policy, custom or practice regarding

    (a) discipline of officers generally,

    (b) specific discipline for the violation of constitutional rights,

    (c) the procedure for stopping, questioning, and arresting suspects;

    (d) the procedure for deploying or using the ARWEN Anti-Riot weapon,

    (e) the procedure for investigating other police officer's reports of suspicious persons,

    (f) the procedure for stopping suspects believed to be carrying deadly weapons,

    (g) the procedure for reporting use of force up the chain of command at the Seattle Police Department.

RESPONSE·

REQUEST FOR PRODUCTION NO. 7  Produce any and all documents that comprise a file, dossier, or record that names or otherwise references the plaintiff William R  Smith II, including documents, photos, and any other record maintained by the Seattle Police Department pertaining to Mr  Smith

RESPONSE·

KANNIN LAW FIRM P S
3701 East Garfield Street
Seattle, WA  98112
Telephone (206) 709-2788

REQUEST FOR PRODUCTION NO 8  For the period January 1, 1993 to the current date, *produce any and all documents which are in your possession and describe the use of less than lethal weapons, including*

(a) guidelines for using and maintaining less than lethal weapons;

(b) guidelines for using and maintaining the ARWEN anti-riot weapon,

(c) training manual for the ARWEN anti-riot weapon,

(d) the Seattle Police Department use of force continuum(s) for the above referenced period,

(e) any certifications or licenses you hold that show your competency in using or authorization to use any weapon

RESPONSE

PLAINTIFF'S FIRST SET OF INTERROGATORIES & REQUESTS FOR PRODUCTION TO
DEFENDANT R  GONZALES  - Page 30

KANNIN LAW FIRM P S
3701 East Garfield Street
Seattle  WA  98112
Telephone (206) 709-2788

EXHIBIT 4

1       Response to Interrogatory No. 28:  Yes   This includes the Washington State Criminal
2   Justice Training Academy, the Seattle Police Department Manual, updates including the
    General Information Bulletins and Law Enforcement Digest, and materials for studying for
3   examinations.  Such material is periodically given to officers during the course of their duties.

4       Response to Interrogatory No. 29:  Graduated high school and attended two years of
    Everett Community College studying criminal justice.
5
6       Response to Interrogatory No. 30:  Objection:  not relevant, not material, privileged,
    confidential, not reasonably calculated to lead to the discovery of admissible evidence, an
7   invasion of privacy, and not within the proper scope of discovery.

8       Response to Interrogatory No. 31:  Not to Detective Gonzales' knowledge.

9       Response to Interrogatory No. 32:  See attached.

10      Response to Interrogatory No. 33:  Objection:  not material, not relevant, not
11  reasonably calculated to lead to the discovery of admissible evidence, privileged, confidential,
    an invasion of privacy, and not a proper subject of the scope of discovery in this case.
12
13      Response to Interrogatory No. 34:  This is a repeat of Interrogatory No. 7.  See prior
    answer.  No decision on use of expert witnesses has been made.
14
        Response to Request for Production No. 3.  See attached.
15
16      Response to Request for Production No. 4:  Objection.  not relevant, not material, not
    reasonably calculated to lead to the discovery of admissible evidence, privileged, confidential,
17  and an unreasonable invasion of privacy.  These materials are not within the care, custody, or
    control of Detective Gonzales.
18
19      Response to Request for Production No 5·  Objection:  not relevant, not material, not
    reasonably calculated to lead to the discovery of admissible evidence, privileged, confidential,
20  and an invasion of privacy.  If any such responsive materials exist at all, none is within the
    care, custody, or control of Detective Gonzales.
21
22      Response to Request for Production No. 6:  A copy of the Seattle Police Department
    Manual is available for inspection and review in the Seattle Public Library and the Office of the
23  Chief of Police.  In addition, a copy is available for review upon reasonable notice and prior
    arrangement at the office of Detective Gonzales' attorneys.
24
        Response to Request for Production No. 7:  Other than those documents already
25  attached, Detective Gonzales is not aware of any others.

26

RESPONSES OF DEFENDANT RUDY P. GONZALES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 6

STAFFORD FREY COOPER
————Professional Corporation————
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

1        Response to Request for Production No 8:  No such documents are within Detective
     Gonzales' care, custody, or control.  His understanding is that the Seattle Police Department
2    use of force continuum is contained within the Seattle Police Department Manual, and that a
     copy of the Maintenance Manual for the Arwen 37 can be reviewed at Detective Gonzales'
3    attorneys' office upon reasonable notice and prior arrangement.

4        RESPONSES AND OBJECTIONS TO INTERROGATORIES AND REQUESTS FOR
5    PRODUCTION  DATED this 23 day of April, 2001

6
7                    STAFFORD FREY COOPER
                     Professional Corporation
8
9
                     By:
10                       Stephen P. Larson, WSBA #4959
11                       Attorneys for Defendants

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

RESPONSES OF DEFENDANT RUDY P  GONZALES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 7

STAFFORD FREY COOPER
Professional Corporation
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

EXHIBIT 5

1

2

REQUEST FOR PRODUCTION NO 3 Produce any and all documents, which are in your possession concerning the incident described in the Compliant This includes, but is not limited to

3

    (a) any and all reports or forms describing any aspect of these events,

4

    (b) any and all incident reports,

5

    (c) any and all tickets or citations; and

    (d) statements and/or interviews of witnesses, informants, the plaintiff, and any police officers or other persons who had any role or contract with the case

6

RESPONSE

7

8

9

10

11

12

REQUEST FOR PRODUCTION NO 4· Produce any and all documents that comprise or are part of your personnel file, including the disciplinary record, and any other documents concerning your hiring, training, duties, performance, assignments, and mental and physical condition

RESPONSE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

**REQUEST FOR PRODUCTION NO. 5:** Produce any and all documents concerning or at all relevant to any formal or informal complaint made against you or about you, from any source, this includes, but is not limited to:

2

3

(a) documents concerning all complaints and other disciplinary or police review of activities by the Internal Affairs Bureau of the Seattle Police Department;

4

(b) the complete documents concerning each incident listed on your disciplinary record;

5

6

(c) the complete documents concerning all complaints and other disciplinary or internal police review of activities maintained by the Seattle Police Department, and

7

8

9

(d) all information contained in the computers maintained by the Internal Affairs Bureau of the Seattle Police Department or any other division of the Seattle Police Department, including but not limited to the information which is retrievable by computer codes or instructions.

**RESPONSE**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S FIRST SET OF INTERROGATORIES & REQUESTS FOR PRODUCTION TO
DEFENDANT R TOWNE - Page 28

1   REQUEST FOR PRODUCTION NO 6: For the period January 1, 1993 to the current
date, produce any and all documents which are in your possession and relevant to this
2   incident, including, but not limited to, guidelines, directives, policy statements,
procedures and training materials, in any form and of any type, concerning Seattle
3   Police Department policy, custom or practice regarding

4       (a) discipline of officers generally;

    (b) specific discipline for the violation of constitutional rights,
5
    (c) the procedure for stopping, questioning, and arresting suspects,
6
    (d) the procedure for deploying or using the ARWEN Anti-Riot weapon;
7       (e) the procedure for investigating other police officer's reports of suspicious
       persons,
8       (f) the procedure for stopping suspects believed to be carrying deadly weapons,

9       (g) the procedure for reporting use of force up the chain of command at the Seattle
       Police Department
10
RESPONSE.
11

12

13

14

15

16

17

18

19

20   REQUEST FOR PRODUCTION NO 7  Produce any and all documents that comprise a
file, dossier, or record that names or otherwise references the plaintiff William R  Smith
21   II, including documents, photos, and any other record maintained by the Seattle Police
Department pertaining to Mr. Smith.
22
RESPONSE
23

24

25

26

PLAINTIFF'S FIRST SET OF INTERROGATORIES & REQUESTS FOR PRODUCTION TO
DEFENDANT R. TOWNE  - Page 29

KANNIN LAW FIRM P S
3701 East Garfield Street
Seattle, WA  98112
Telephone (206) 709-2788

1  REQUEST FOR PRODUCTION NO 8  For the period January 1, 1993 to the current
2  date, produce any and all documents which are in your possession and describe the
   use of less than lethal weapons, including

3      (a) guidelines for using and maintaining less than lethal weapons;

4      (b) guidelines for using and maintaining the ARWEN anti-riot weapon,

       (c) training manual for the ARWEN anti-riot weapon,
5
       (d) the Seattle Police Department use of force continuum(s) for the above
6          referenced period,

7      (e) any certifications or licenses you hold that show your competency in using or
           authorization to use any weapon

8  RESPONSE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

KANNIN LAW FIRM P S
3701 East Garfield Street
Seattle, WA  98112
Telephone (206) 709-2788

EXHIBIT 6

may be asked questions concerning their expertise in the use of various weapons and less-than-lethal force.  It is possible that others knowledgeable in the use of the Arwen will be contacted, if needed.

Response to Request for Production No. 3:  See reports and documents attached to the responses to Interrogatories by Detective Gonzales, additional copies of which are attached hereto.

Response to Request for Production No 4:  Objection:  not relevant, not material, not reasonably calculated to lead to the discovery of admissible evidence, privileged, confidential, and an unreasonable invasion of privacy.  These materials are not within the care, custody, or control of Sergeant Towne.

Response to Request for Production No. 5:  Objection:  not relevant, not material, not reasonably calculated to lead to the discovery of admissible evidence, privileged, confidential, and an invasion of privacy, not a proper subject of discovery under the facts of this case.  If any such responsive material exists, at all, none is within the care, custody, or control of Sergeant Towne

Response to Request for Production No. 6:  A copy of the Seattle Police Department Manual is available for inspection and review in the Seattle Public Library, the Office of the Chief of Police, and a copy is available for review upon reasonable notice and prior arrangement at the office of Sergeant Towne's attorneys.

Response to Request for Production No. 7:  Other than those documents already attached, Sergeant Towne is not aware of any others.

Response to Request for Production No. 8:  To the best of the present ability of Sergeant Towne to determine, a copy of the Arwen Maintenance Manual and Illustrated Parts List is available for inspection at the officers of Sergeant Towne's attorney upon reasonable notification and prior arrangement.  The use of force continuum is described in the Seattle Police Department Manual.

RESPONSES AND OBJECTIONS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION DATED this 23 day of April, 2001.

STAFFORD FREY COOPER
Professional Corporation

By: _____
Stephen P. Larson, WSBA #4959
Attorneys for Defendants

RESPONSES OF DEFENDANT ROLF W. TOWNE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION - 6

STAFFORD FREY COOPER
————— Professional Corporation —————
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TELEPHONE (206) 623-9900

Q:\CLIENTS\3000\000\301P\21603\PLEADINGS\ROGRESPONSETOWNE.DOC

# EXHIBIT 7

1    A.    None that I can think of right now.

2    Q.    And are you aware that you're here because of

3  civil lawsuit entitled William R. Smith, versus the City

4  of Seattle, short title, generally you're aware of that

5  the reason why you're here?

6    A.    I am now, yeah.

7    Q.    And were you aware of that before today?

8    A.    I understood it was with Mr. Smith, but you are

9  the first that actually has told me the actual -- the

10  title of it, as well as the -- the reasons.

11    Q.    And earlier I had submitted these formal

12  notices informing you of the deposition today.  I

13  submitted them to Mr. Stephenson (sic), your attorney,

14  excuse me, Mr. Larson, your attorney.

15            And one of the documents I gave to him

16  was something called subpoena duces tecum, in that

17  document I asked you to bring some records to the

18  deposition. Were you able to bring those records?

19            MR. LARSON:  Before you answer the

20  question I'm going to interject, here, an objection.

21  First of all, you served that subpoena on me during the

22  week that you knew I was gone, because I told you I

23  would be gone.

24            Second, since Sergeant Towne is a

25  party the subpoena is, in reality, a request for

**NAEGELI REPORTING CORPORATION**

Portland, OR
(503) 227-1544

Seattle, WA
(206) 622-3376

Spokane, WA
(509) 838-6000



Coeur d'Alene, ID
(208) 667-1163

Phone: (800) 528-3335     www.naegelireporting.com     Fax  (503) 227-7123
Corporate Office  2020 US Bancorp Tower, 111 S W Fifth Avenue, Portland, OR 97204

1    production under rule 34 that he's entitled to 30 days

2    to respond to. So, we object to the subpoena duces

3    tecum.

4                    Next, and without waiving any other

5    objection, all the items that you've listed in there,

6    which are numerous, are items that are not within

7    Sergeant Towne's care, custody or control.

8                    So, the answer to your question is the

9    Sergeant has nothing with him today.

10                   MR. KANNIN:   Okay, nothing with him

11   today. Then what I would like to do for the record we'll

12   go through this list today and then resubmit it to

13   Officer Towne's attorneys and you can respond to instead

14   of by way of a subpoena duces tecum then respond to it

15   by way of a request for production, but to clarify my

16   ongoing discovery requests I'll ask you these questions,

17   Officer Towne.

18        BY MR. KANNIN:

19        Q.   Do you have any documents that in any way

20   relate to the shooting incident of William R. Smith that

21   occurred on December 5th, 1998?

22        A.   Shooting incident?

23        Q.   Yes, sir.

24        A.   Would you clarify that for me?  Are you talking

25   about the application of the less lethal?

**NAEGELI REPORTING CORPORATION**

Portland, OR
(503) 227-1544

Spokane, WA
(509) 838-6000



Seattle, WA
(206) 622-3376

Coeur d'Alene, ID
(208) 667-1163

Phone (800) 528-3335      www.naegelireporting.com      Fax. (503) 227-7123
Corporate Office 2020 US Bancorp Tower, 111 S W Fifth Avenue, Portland, OR 97204

1    Q.   Yes.

2    A.   Okay.  I don't have anything.

3    Q.   And you're -- for the record -- you're stating

4 that Mr. Smith was not shot on December 5th, 1998?

5    A.   Well, there's different explanations for being

6 shot.  I mean, there's a lethal application, and then

7 less lethal, which was applied that night.

8    Q.   So he was shot with a less lethal weapon?

9    A.   He was, yes.  He was hit with a high energy

10 impact baton.

11    Q.   And whether you call it hit with that -- so it

12 is a weapon; correct?

13    A.   Well, there's so many different definitions for

14 weapon, but yes, it's a launcher is what we typically

15 describe them within our realm of use.

16    Q.   Okay.  We're going to get into all of that, but

17 what I would like to clarify before we get into your

18 weapons is, once again, the documents.

19              So, regarding the shooting incident

20 with the ARWEN, I believe it was called an ARWEN 37

21 millimeter, and you say that it's something other than a

22 weapon, we're calling it the weapon, and on that day,

23 December 5th, 1998, are you aware that one of the

24 officers of the Seattle Police Department pointed, aimed

25 and shot the weapon at Mr. Smith?

**NAEGELI REPORTING CORPORATION**

Portland, OR
(503) 227-1544

Spokane, WA
(509) 838-6000



Seattle, WA
(206) 622-3376

Coeur d'Alene, ID
(208) 667-1163

Phone: (800) 528-3335    www.naegelireporting.com    Fax, (503) 227-7123
Corporate Office 2020 US Bancorp Tower, 111 S W Fifth Avenue, Portland, OR 97204

1    A.    I was present when that happened, yes.    I'm

2  aware of it.

3    Q.    And regarding that incident do you have any

4  documents in your possession that relate in any way to

5  that incident?

6    A.    I don't have any in my possession right now.

7    Q.    Does the Seattle Police Department have any?

8    A.    I would have to assume that they're in the

9  records.

10    Q.    And that's a department in the Seattle Police

11  Department, the records department?

12    A.    That's correct.

13    Q.    Did you create any documents?

14    A.    I don't recall, myself, creating any documents

15  that evening.   It's possible, I just don't have the

16  memory.   I do recall signing some documents subsequent to

17  the encounter with Mr. Smith.

18    Q.    How about documents relating to you, personally,

19  has there ever been a report or any document that we

20  could consider a complaint or disciplinary type of action

21  documented against you in your career with the Seattle

22  Police Department?

23              MR. LARSON:   Don't answer that.

24  Objection to that question, that is a matter which is

25  privileged, confidential, not reasonably calculated to

## NAEGELI REPORTING CORPORATION

Portland, OR
(503) 227-1544

Spokane, WA
(509) 838-6000



Seattle, WA
(206) 622-3376

Coeur d'Alene, ID
(208) 667-1163

Phone (800) 528-3335      www.naegelireporting.com      Fax  (503) 227-7123
Corporate Office  2020 US Bancorp Tower, 111 S.W Fifth Avenue, Portland, OR 97204

1   lead to the discovery of admissible evidence.

2               I've made this objection in writing to

3   you, before.  It's an invasion of privacy.  It's not

4   relevant and it's not governed -- it's not -- he's not

5   going to answer your question.  It's improper.

6               MR. KANNIN:  Okay.  You can go ahead

7   and answer the question.

8               MR. LARSON:  No, he's not going to

9   answer that question.  I just told you that.

10               MR. KANNIN:  We'll go off the record

11   now.

12               (Whereupon, a discussion was held off

13   the record.)

14               MR. KANNIN:  Can we go back on the

15   record. Continuing on, after my question, we'll continue

16   the deposition.

17               Mr. Larson has objected invoking a

18   privilege citing Mendez V. City of Stockton as his basis.

19   The plaintiff objects to this objection, and without

20   waiving any further objections to the admissibility of

21   that evidence and that question at this deposition, and

22   in the spirit of continuing on and getting through this,

23   we'll continue with our questions today.

24   BY MR. KANNIN:

25       Q.   Now, Officer Towne, do you have any of your

**NAEGELI REPORTING CORPORATION**

Portland, OR
(503) 227-1544

Spokane, WA
(509) 838-6000



Seattle, WA
(206) 622-3376

Coeur d'Alene, ID
(208) 667-1163

Phone (800) 528-3335    www.naegelireporting.com    Fax  (503) 227-7123
Corporate Office: 2020 US Bancorp Tower, 111 S W Fifth Avenue, Portland, OR 97204

EXHIBIT 8

5

1    if you want to take a break at any time let me know and

2    we'll take a break.

3         A.    Okay.

4         Q.    And, preliminarily, the deposition was set by

5    way of notice of deposition, and I sent the notice to

6    your attorney, Mr. Larson, along with another document, a

7    subpoena duces tecum for certain records that I asked to

8    be brought to the deposition.  Did you go over that

9    request for records with your attorney?

10                  MR. LARSON:   I'm going to interpose an

11   objection, here.  We've talked about this earlier this

12   morning.  The objection is the same.

13                  MR. KANNIN:   That's fine.  To preserve

14   my requests for the records I'm going to ask you for the

15   records and if you want to make a standing objection to

16   all my requests I'm going to just ask for them.  And he

17   can object and we'll get on with it, here.

18        BY MR. KANNIN:

19        Q.    The files and records that you have in your

20   possession relating to the incident that occurred on

21   December 5th, 1998, do you have any of those documents

22   in your possession?

23        A.    In my immediate possession or --

24        Q.    Anywhere, at home, at your office.

25        A.    Yes.

**NAEGELI REPORTING CORPORATION**

Portland, OR
(503) 227-1544

Seattle, WA
(206) 622-3376

Spokane, WA
(509) 838-6000



Coeur d'Alene, ID
(208) 667-1163

Phone: (800) 528-3335     www.naegelireporting.com     Fax  (503) 227-7123
Corporate Office: 2020 US Bancorp Tower, 111 S W Fifth Avenue, Portland, OR 97204

1    Q.   And -- but you did not bring them with you

2  today?

3    A.   No, I do not have them.

4    Q.   How about any documents or reports that were

5  made naming you with a complaint or disciplinary review

6  created by the Seattle Police Department; do you have any

7  documents like that?

8             MR. LARSON:   We'll object to that

9  question. The objection was stated this morning, but it's

10  not a proper question, it's subject to a number of

11  different privileges, and it's not relevant, it's not

12  material, it's not reasonably calculated to lead to the

13  discovery of admissible evidence and under the guidelines

14  as laid down in the Ninth Circuit it's not discoverable.

15    BY MR. KANNIN:

16    Q.   Do you have any of those documents in your

17  possession?

18    A.   Yes.

19    Q.   The next set of documents I asked for are

20  documents in your possession or the Seattle Police

21  Department's that specifies guidelines, directives,

22  policies and procedures or training manuals of any type

23  or form concerning the Seattle Police Department's

24  policies, custom or practice on how to make an arrest,

25  how to arrest a suspect with the least amount of danger

**NAEGELI REPORTING CORPORATION**

Portland, OR
(503) 227-1544

Spokane, WA
(509) 838-6000



Seattle, WA
(206) 622-3376

Coeur d'Alene, ID
(208) 667-1163

Phone (800) 528-3335    www.naegelireporting.com    Fax: (503) 227-7123
Corporate Office  2020 US Bancorp Tower, 111 S W Fifth Avenue, Portland, OR 97204

1    posed to you, how to arrest a suspect with the least

2    amount of danger posed to the suspect, and procedures for

3    using force against a suspect.  Do you have any

4    documents like that?

5        A.   I have a manual that was issued to me by the

6    Seattle Police Department that has since been updated

7    where I have received an updated Seattle Police

8    Department manual of procedures and policies.  Those are

9    the types of manuals I keep in my personal review.

10       Q.   Do you keep those in your office or your home?

11       A.   I have them in my office.

12       Q.   And where is your office?

13       A.   The address I provided to the clerk, on the

14   East Precinct, the Second Floor.

15       Q.   How about procedures for using or deploying the

16   ARWEN anti-riot weapon, do you have any documents

17   pertaining to that?

18       A.   I have old documents that I had during the time

19   I was with the SWAT team.  Whether or not they have been

20   revised or updated since my departure two and a half

21   years ago, but at the time that I was using that weapon

22   or was authorized to use that weapon I did have manuals

23   on how to deploy that weapon, and I still do have those

24   manuals, but not have reviewed them since departing from

25   the SWAT team.

**NAEGELI REPORTING CORPORATION**

Portland, OR
(503) 227-1544

Spokane, WA
(509) 838-6000



Seattle, WA
(206) 622-3376

Coeur d'Alene, ID
(208) 667-1163

Phone (800) 528-3335     www.naegelireporting.com     Fax (503) 227-7123
Corporate Office. 2020 US Bancorp Tower, 111 S W. Fifth Avenue, Portland, OR 97204

Q.   Do you have any of your performance evaluations that were done by your supervisors or by the Seattle Police Department?

A.   No, I do not.

Q.   Are there -- do you have written performance reviews, there?

A.   With the Seattle Police Department?

Q.   Yes.

A.   Yes, sir.

Q.   And who keeps copies of those?

A.   Personnel department, I'm guessing, I'm -- I'm pretty certain that might be accurate, but I'm not a hundred percent certain.

Q.   You don't keep copies of those?

A.   No, I do not.

Q.   How about any documents that describe how to deploy less than lethal weapons generally, not just the ARWEN, but any sort of less than lethal weapon, books, manuals; do you have anything like that?

A.   The police department provides directives, updated policies on the -- the use of less lethal type equipment that is provided for its officers.  I do not personally, my own personal records, keep a copy of those, but those are provided and are in each precinct should an officer want to review them.  So they're

## NAEGELI REPORTING CORPORATION

Portland, OR
(503) 227-1544

Spokane, WA
(509) 838-6000



Seattle, WA
(206) 622-3376

Coeur d'Alene, ID
(208) 667-1163

Phone (800) 528-3335     www.naegelireporting.com     Fax. (503) 227-7123
Corporate Office  2020 US Bancorp Tower, 111 S W Fifth Avenue, Portland, OR 97204