# ORIGINAL
## CC TO JUDGE

____ FILED ____ ENTEREᴰ

____ LODGED ____ RECEIV

FEB 15 2002   DJ

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ____ DEPUᴛ

CV 00-01615 #00000040

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| WILLIAM ROBERT SMITH II,<br><br>              Plaintiff,<br><br>v.<br><br>RUDY P. GONZALES, and ROLF TOWNE, as Seattle Police Officers, and Individually in their Personal Capacity,<br><br>              Defendants. | No. C00 –1615 Z<br><br>PLAINTIFF'S MOTIONS *IN LIMINE* AND OBJECTIONS |

## I. INTRODUCTION

The following evidentiary issues are expected to be raised at trial. Counsel for plaintiff William R. Smith submits these motions in limine to acquaint the trial court with the expected issues. Plaintiff requests the Court consider these motions *in limine* to simplify the issues, shorten the trial, and bring about a just, speedy, and economical resolution of the case.

Plaintiff requests leave of the Court to file these motions and objections.  The Court's December 22, 2000 minute order listed January 28, 2002 as the date to file motions *in limine*. However the Court's order on summary judgment was entered on January 30, 2002. The undersigned received the order on February 4, 2002. The evidentiary issues, which are subject to motions *in limine*, could not be sufficiently known until after the Court's ruling on summary judgment. Therefore plaintiff submits these motions *in limine* for the Court to

PLAINTIFF'S MOTIONS *IN LIMINE* AND OBJECTIONS - Page 1

KANNIN LAW FIRM P S
3701 East Garfield Street
Seattle, WA 98112
Telephone (206) 709-2788

1   consider prior to trial.

2   <center>II. EVIDENCE RELIED UPON</center>

3        Plaintiff relies upon the attached declaration of Van Ness Bogardus III dated February

4   14, 2002 and the pleadings and records previously filed in this cause.

5

6   <center>III. AUTHORITY AND ARGUMENT</center>

7        **1. Motion to Introduce Evidence of the defendants' prior incidents involving**

8   **excessive force.** *Evidence Rule 404 (b)* Other Crimes, wrongs, or acts. Evidence of other

9   crimes, wrongs, or acts is not admissible to prove the character of a person in order   to show

10   action in conformity therewith.  It may, however, be admissible for other purposes, such as

11   proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of

12   mistake or accident. The plaintiff moves introduce evidence of Mr. Towne's and Mr.

13   Gonzales' prior incidents of excessive force and misconduct to demonstrate they had

14   knowledge, motive, opportunity, intent and plans to use excessive force, injure plaintiff

15   Smith and unlawfully arrest plaintiff Smith and to escape liability. Moreover, the prior acts

16   show the absence of mistake or accident with regard to using excessive force against Smith

17   on December 5, 1998.

18        **2. Motion to prohibit defendants Gonzales and Towne from wearing standard**

19   **police uniforms.**  "ER 403.  Exclusion of relevant evidence on grounds of prejudice,

20   confusion, or waste of time."  Plaintiff moves to limit the defendants' dress at trial to the

21   uniforms they were wearing when the incident occurred, or to civilian attire. Allowing the

22   defendants to wear uniforms that they did not wear at the time of the incident will have a

23   prejudicial and misleading effect upon the fact-finding process. Irrelevant evidence

24   inadmissible. ER 402. Uniforms different from the uniforms the officers were wearing on

25   December 5, 1998 are not relevant.

26

<center>KANNIN LAW FIRM P S
3701 East Garfield Street
Seattle, WA 98112
Telephone (206) 709-2788</center>

1    **3. Motion to exclude any testimony regarding any prior criminal conviction(s) of**

2    plaintiff Smith. "RULE 609. Impeachment by Evidence of Conviction of Crime." Plaintiff

3    moves for a ruling that any prior criminal convictions are inadmissible unless defendants

4    present evidence that the plaintiff was convicted of a felony or the conviction involved a

5    crime of dishonesty or a false statement. ER 609 (a).

6    **4. Motion to exclude any testimony regarding any prior criminal conviction(s) of**

7    **plaintiff Smith that occurred more than ten (10) years ago.**

8    "(b) Time Limit. Evidence of a conviction under this rule is not
     admissible if a period of more than 10 years has elapsed since the date of the

9    conviction or of the release of the witness from the confinement imposed,
     whichever is the later date, unless the court determines in the interests of

10   justice, that the probative value of the conviction supported by specific facts
     and circumstances substantially outweighs its prejudicial effect. However,

11   evidence of a conviction more than 10 years old as calculated herein, is not
     admissible unless the proponent gives to the adverse party sufficient advance

12   written notice of intent to use such evidence to provide the adverse party with
     a fair opportunity to contest the use of such evidence."

13   ER609(b).

14   Plaintiff moves for a ruling that any prior criminal convictions the plaintiff may have

15   that are more than ten (10) years old are inadmissible since the probative value does not

16   outweigh the inherent prejudice of such evidence. Moreover, defendants have not provided

17   notice of intent to use such evidence and therefore the evidence is inadmissible. ER609(b).

18   **5. Motion to exclude defendants' testimony about what they heard on the radio.**

19   "Hearsay is not admissible except as provided by these rules or by other rules prescribed by

20   the Supreme Court pursuant to statutory authority or by Act of Congress." ER802. Out of

21   court statements the defendants heard broadcast over a radio are inadmissible hearsay.

22   **6. Motion to exclude any testimony regarding what any unnamed witnesses not**

23   **appearing in court may or may not have told Seattle Police Officers.** These statements

24   are hearsay and therefore inadmissible. ER802.

25   **7. Motion to qualify Mr. Van Ness Bogardus as an expert** witness pursuant to

26

PLAINTIFF'S MOTIONS *IN LIMINE* AND OBJECTIONS - Page 3

KANNIN LAW FIRM P S
3701 East Garfield Street
Seattle, WA 98112
Telephone (206) 709-2788

1  ER702; *Shelin v. Chicago, St. Paul & Pacific Railroad Co.*, 38 Wn.App. 125, (1984); and

2  *Channel v. Mills*, 77 Wn.App. 268 (1995). Mr. Bogardus is qualified to offer expert

3  testimony on police tactics and firearms, including less lethal firearms and weapons. <u>See</u>

4  attached Bogardus Declaration.

5      **8. Motion to exclude reference to medical conditions,** which are privileged and

6  confidential and not relevant to the events occurring on December 5, 1998.  The medical

7  privilege may be waived by contract or consent. ER501; *Bond v. Independent Order of*

8  *Foresters*, 69 Wn. 2d 879 (1966). Plaintiff Smith waives his physician-patient privilege only

9  with respect to injuries caused by the defendants on December 5, 1998 and subsequent

10  treatment. Irrelevant evidence inadmissible. ER 402. Plaintiff's other medical history is not

11  relevant.

12      **9.   Motion to exclude any testimony regarding alcohol use prior to the shooting**

13  **incident and alcohol tests made after the shooting.** There are no facts that plaintiff was

14  drinking when police stopped him. Plaintiff's drinking at other times is not relevant to

15  whether or not excessive force was used or whether or not the officers acted improperly.

16  Fed.R.Evid. 402.

17      **10. Motion to exclude any testimony regarding the officers' claims that plaintiff**

18  **Smith has "fought and assaulted officers in the past."** This testimony is not relevant to

19  the events occurring on December 5, 1998. Fed. R. Evid.  402. Irrelevant evidence

20  inadmissible. Moreover, character evidence is not admissible to prove conduct, ER404 (a).

21  Specific instances of a witness' conduct may not be proved by extrinsic evidence. ER608 (b).

22      **11. Motion to Exclude Witnesses.**  "At the request of a party the Court may order

23  witnesses excluded so that they cannot hear the testimony of other witnesses, and it may

24  make the order of its own motion." ER 615.  The defense moves this Court for an order

25  excluding all non-party witnesses from the courtroom during: 1) opening statements and, 2)

26  testimonial phases of the trial when witnesses themselves are not testifying.

## IV. PLAINTIFF'S OBJECTIONS

The plaintiff objects to the defendants' motions *in limine* for the reasons stated herein at paragraphs 3.1 and 3.7 *supra*. Moreover, defendants' motion to exclude Mr. Bogardus was previously brought before the Court in the defendants' Reply on Motion for Summary Judgment. That motion was denied.

## V. CONCLUSION

For all of the reasons stated above the plaintiff respectfully requests the Court grant his motions *in limine*.

DATED this 15th day of February 2002.

KANNIN LAW FIRM P.S.

John J. Kannin

John J. Kannin WSBA #27315
Attorney for Plaintiff

PLAINTIFF'S MOTIONS *IN LIMINE* AND OBJECTIONS - Page 5

KANNIN LAW FIRM P S
3701 East Garfield Street
Seattle, WA 98112
Telephone (206) 709-2788

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

WILLIAM ROBERT SMITH,                    No. C00-1615 Z

        Plaintiff,           **DECLARATION OF VANNESS**
                                         **BOGARDUS III**

vs

RUDY P. GONZALES, and ROLF TOWNE,
as Seattle Police Officers, and Individual in
their Personal capacity,

        Defendants.

VANNESS BOGARDUS III, states and declares as follows:

    1   I am over the age of eighteen (18) years and I am a citizen of the United States. The statements contained in this declaration are based upon my personal knowledge and belief and I am competent to testify thereto;

    2.  My current address is 10556 Combie Road, PMB 6222, Auburn, California 95602;

    3   I am a retired Los Angeles County Deputy Sheriff with seventeen (17) years of experience I also served for three years (3) in the United States Marine Corps, achieved the rank of Sergeant and received an honorable discharge;

    4.  During my military and law enforcement career I have fired many different types of guns, including the ARWEN 37. During my career as a sheriff's deputy I received training on a variety of small arms, including the ARWEN 37. I have extensive experience in the use of small arms weapons.

    5.  On of my assignments as a deputy sheriff was the duty of Los Angeles County jail armorer. As armorer my responsibilities included maintaining the jail's arsenal of small arms weapons for use

-1-

by the deputy sheriffs assigned to the jail. The weapons I was responsible for included pistols, shotguns, and less than lethal weapons. My duties included instructing the deputy sheriffs at the jail in how to use the weapons in the arsenal and further included instruction on which weapon was most appropriate for a given threat scenario;

6   From approximately 1980 -1985 I was assigned to the Los Angeles Sheriff's Department Special Operations (SOS) bureau. I provided small arms training to the SOS officers. I trained the officers on how to use and fire high-powered rifles, submachine guns, shotguns, automatic pistols and the ARWEN 37 gun. During the Los Angeles Olympics (1984) I gave special attention to the potential use of less than lethal weapons, including the ARWEN 37 and personally evaluated the ARWEN 37 for use by SOS teams assigned to the Olympics;

7. I am a licensed firearms expert, nationally qualified as a perfect target master. I am a licensed small arms firing range master, and I have taught courses on firearms use at Sierra College, Rocklin, California;

8. I have provided training to Los Angeles County sheriff's deputies on the firing and use of the ARWEN 37.

9. As a deputy sheriff I was selected for the Los Angeles County Special Weapons And Tactics (SWAT) team.  As a SWAT team officer I provided SWAT training to other law enforcement officers. This training included how to equip SWAT officers with the appropriate small arms weapons, including less than lethal weapons;

10   During my career I have personally responded to numerous situations requiring judgments on the use of force to resolve a conflict situation. I have testified in state and federal courts as an expert in police use of force and patrol tactics;

The foregoing is true and correct and made under the penalty of perjury and under the laws of the State of Washington   Executed February 13, 2002, at Los Angeles, California.

*VanNess H. Bogardus III*
VanNess Bogardus III

-2-

ORIGINAL

CC TO JUDGE __DJ__

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

FEB 15 2002   DJ

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| WILLIAM ROBERT SMITH II,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER R. GONZALES, OFFICER JOHN DOE TOWNE, as Seattle Police Officers, and Individually in their Personal capacity,<br><br>Defendants. | No. C00 –1615  Z<br><br>DECLARATION OF SERVICE OF PLAINTIFF'S MOTIONS IN LIMINE AND OBJECTIONS |

DECLARATION:

The undersigned declares under penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein. On the date given below I caused to be served the foregoing PLAINTIFF'S MOTIONS IN LIMINE AND OBJECTIONS   on the following individuals in the manner indicated:

Declaration of Service  - Page 1

KANNIN LAW FIRM P S
3701 East Garfield Street
Seattle, WA  98112
Telephone (206) 709-2788

1  CLERK OF THE COURT
   FEDERAL DISTRICT COURT, WESTERN
2  DISTRICT OF WASHINGTON AT
   SEATTLE
3  1050 FIFTH AVENUE, ROOM 215
   SEATTLE, WA 98104
4  Tel. (206) 553-5598
   Fax:
5  [ ] VIA U.S. MAIL
   [ ] VIA MESSENGER
6  [ √ ] VIA PERSONALLY DELIVERED
   [ ] VIA FACSIMILE
7  [ ] VIA ELECTRONIC MAIL

Stephen P. Larson, Esq.
Stafford Frey Cooper
1301 Fifth Ave. Suite 2500
Seattle, WA 98101

Tel: 623-9900
Fax:
[ ] VIA U.S. MAIL
[ ] VIA MESSENGER
[ √ ] VIA PERSONALLY DELIVERED
[ ] VIA FACSIMILE
[ ] VIA ELECTRONIC MAIL

8

9  SIGNED this __15th__ day of February 2002, at Seattle, Washington.

10

11   By: John J. Kannin

12   John J. Kannin

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Declaration of Service - Page 2